IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTWANETTE LAVONNE JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03461 |
| | § | |
| RICHARDSON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Antwanette Lavonne Jenkins ("Plaintiff") files this Original Complaint against Richardson Independent School District ("Defendant") and respectfully shows as follows.

### II.

### PARTIES

1. Plaintiff is an individual and a citizen of Dallas County, Texas.

2. Defendant is a local school district organized under the laws of the state of Texas with its principal place of business located at 400 S. Greenville Avenue, Richardson, Texas 75091. Defendant may be served with process, including citation and a copy of this lawsuit, by serving its Superintendent of Schools, Dr. Jeannie Stone, at 400 S. Greenville Avenue, Richardson, Texas 75091, or wherever she may be found.

III.

JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

IV.

VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Dallas County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

5. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

V.

BACKGROUND FACTS

6. Plaintiff worked for Defendant as a teacher at Berkner High School from on or about January 2017 until her employment contract was wrongfully non-renewed on or about March 12, 2020.

7. In March of 2019, Plaintiff had lunch outside of the school with her same-sex partner.

8. Shortly after the lunch, Plaintiff was pulled into a meeting with the Associate Principal, Sharonda Butler Tims, to discuss the lunch. Plaintiff asked why it was problematic for her to have lunch with her same-sex partner outside of the building, but acceptable for another female teacher to have lunch with her husband inside the school. Plaintiff was told that it was acceptable for the other teacher to have lunch with her husband because everyone is familiar with that teacher and her husband. Ms. Tims told Plaintiff that she was concerned about

Plaintiff's partner coming to the school because no one was familiar with Plaintiff's relationship with her same-sex partner.

9. After that meeting, Plaintiff met with the Assistant Principal, Jennifer Wynne, and openly discussed her sexual orientation and her relationship with her partner. Plaintiff expressed her concerns about being singled out and subjected to a different standard than others based on her same-sex relationship. Ms. Wynne attempted to reassure Plaintiff by telling her that she has "a lot of friends who are gay."

10. After the lunch with her partner and the meetings that followed, the administrators of the school began treating Plaintiff differently than they had before learning of her sexual orientation, and differently than they treated non-gay employees.

11. On March 12, 2020, Plaintiff was told that her contract was not being renewed for the following school year because she "did not know how to build good relationships at the school." Plaintiff did not believe this was the real reason for her non-renewal, as she had great relationships with teachers, staff, and students. The only people Plaintiff had difficulty building good relationships with were those who treated her differently after learning of her sexual orientation.

12. Based on the way she was treated after her administration learned of her sexual orientation, Plaintiff believes the decision to non-renew her contract was based on her sexual orientation and her complaints to Jennifer Wynne about being singled out and treated differently because of her sexual orientation.

## VI.

## CONDITIONS PRECEDENT

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

14. The Charge was filed within 180 days after Plaintiff's contract was non-renewed.

15. The EEOC issued Plaintiff a right to sue letter on August 26, 2020.

16. Plaintiff has timely exhausted all of her administrative remedies.

## VII.

## CAUSES OF ACTION

**A.  Cause of Action—Discrimination—Title VII**

17. Plaintiff incorporates each of the foregoing paragraphs.

18. Defendant discriminated against Plaintiff because of her sex/sexual orientation.

19. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.  Cause of Action—Wrongful Termination—Discrimination—Title VII**

20. Plaintiff incorporates each of the foregoing paragraphs.

21. Defendant non-renewed Plaintiff's employment contract because of her sex/sexual orientation.

22. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**C.  Cause of Action—Unlawful Retaliation—Title VII**

23. Plaintiff incorporates each of the foregoing paragraphs.

24. Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

25. In response, Defendant retaliated against Plaintiff and ultimately non-renewed her employment contract.

26. Defendant's actions violated 42 U.S.C. § 2000e-3(a).

## VIII.

## DAMAGES

27. Plaintiff incorporates each of the foregoing paragraphs.

28. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

29. Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

30. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

31. Plaintiff seeks all damages available to her under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

32. Plaintiff incorporates each of the foregoing paragraphs.

33. Plaintiff retained the services of undersigned counsel to prosecute her claims.

34. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendant with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in non-renewing Plaintiff's employment; and

    f.    Any additional equitable relief the Court deems proper.

## XI.

## RESPONDEAT SUPERIOR

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XII.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

40. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    Injunctive and declaratory relief, including but not limited to, an Order:

      a.      Prohibiting Defendant from engaging in unlawful discrimination;

      b.      Reinstating Plaintiff's employment with Defendant with backpay;

      c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.      Paying court costs;

      e.      A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in non-renewing Plaintiff's employment; and

      f.      Any additional equitable relief the Court deems proper;

E.      Court costs;

F.      Pre-judgment and post-judgment interest at the rate set by law; and

G.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
JAMIE J. GILMORE
Texas Bar No. 24045262
jgilmore@galyen.com
BRITTNEY THOMPSON
Texas Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**